173 So.2d 719 (1965)
O'Neill D. DIEHL, Appellant,
v.
Robert Louis GIBBS et ux., Appellees.
No. F-478.
District Court of Appeal of Florida. First District.
March 23, 1965.
Rehearing Denied April 26, 1965.
Douglass & Steinmeyer, Tallahassee, for appellant.
Truett & Watkins, Tallahassee, for appellees.
RAWLS, Judge.
We are here concerned with a controversy involving the interpretation of certain provisions of a lease agreement and the termination of same. Appellant Diehl, defendant below, has perfected this appeal from a final judgment founded upon a jury verdict in favor of appellee Gibbs in the sum of $4,550.00.
In 1959, appellant as lessee entered into a lease agreement with the Perkins estate for the rental of a building on Monroe Street in Tallahassee, Florida for a five year term. She had rented this same building under a series of leases for the past 20 years. On August 24, 1961, appellee Gibbs purchased the property in question, and shortly thereafter he and appellant began having disagreements. In the early part of 1963 appellant notified Gibbs that she planned to move. On May 14, 1963 her attorney advised him by letter that she would vacate the store on July 1, 1963 and stated in said letter, "We have secured a party who will continue under the present *720 lease at the same rate and terms. Please advise if you wish to terminate the lease entirely and make the arrangements yourself directly, or if you wish us to assign the lease." To the aforesaid letter Gibbs's attorney advised appellant that it would be necessary that she furnish financial information on the proposed lessee before it could be determined whether he would accede to the assignment. Subsequently appellee refused to give his consent, as required by the lease, for the assignment to the prospective tenant. Appellant vacated the premises on or before July 1, 1963 and mailed the keys to appellee. She did not pay the rent for any period subsequent to July 1. On July 17, Gibbs's attorney advised appellant by letter that he had not been able to lease the premises and that he was of the opinion that she was responsible for rental for the remainder of the lease unless Gibbs was successful in procuring a new tenant.
The sole question that we find in this appeal is: Whether Lessor by his actions, as a matter of law, terminated the instant leasehold estate after default of same by the lessee.
The courses of action available to a landlord when a tenant breaches or abandons his lease is set out in Williams v. Aeroland Oil Co.[1] There, the lessee entered into a lease for premises which included a fully equipped service station. The lease was in effect when war broke out, and the lessee asked the lessors for a reduction in rental. Upon refusal of the lessors to grant the reduction, the lessee abandoned the physical occupancy of the property. At a later date, but prior to the expiration of the lease, suit was instituted by the lessors seeking to recover all past due installments of rent and also all unmatured installments of rent to become due in the future during the term of the lease. The Supreme Court, speaking through Justice Sebring, delineated the three courses of action available to such a lessor as:[2]
"He may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes; or, he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or, he may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due."
The material provision of the subject lease which concerns default is found in sub-paragraph (d), page 4, which reads: "It is expressly agreed that failure on the part of the lessee to keep, meet, pay, do and perform the matters and things to be met * * * shall constitute a breach and default on the part of the lessee hereunder and entitled the lessors at their option to declare this lease fully terminated." (Emphasis supplied.) The main thrust of appellant's argument is that the allegation contained in Lessor's amended complaint, viz.: "WHEREFORE, pursuant to sub-paragraph (d), page 4, the lessors do declare this lease fully terminated and demand payment in full of the balance due for the remainder of the lease, to-wit: $7,200.00, or in the alternative the rental due to date * * *" when construed with the quoted provision of the lease concerning default, constituted as a matter of law a termination of the lease by the lessor for his own use and an intention by him of resuming possession of the premises for his own purposes.
We agree with the trial court's conclusion that such a construction was not required *721 as a matter of law. The lease provision granted to the lessor an "option". Had the lessors in the quoted part of their complaint stopped at the word "terminated", lessee's contention would probably have been sustained; however, the words "* * * and demand payment in full of the balance due for the remainder of the lease, to-wit: $7,200.00 or in the alternative the rental due to date * * *" clearly qualifies the "terminated" language and thus presented a question of fact as to whether the intention of the lessor was to terminate or to retake possession for the account of the tenant.
Lessee argues at length certain facts in evidence adduced during the trial which she concludes amounted to a termination of the lease by the lessor. This record discloses adequate evidence from which the jury could have resolved the differences between the parties in favor of either the plaintiff's theory of the case or the defendant's theory. The jury agreed with plaintiff's premise that he retook the premises for the account of his tenant. Needless to say, we will not substitute our judgment for that of the jury.
Finally, lessee is of the opinion that the instructions given by the trial judge "are so confusing, disjointed and inconsistent that this alone would require a reversal for a new trial." From our review of the record, it appears that the issues joined were fairly submitted by the trial judge to the jury which properly performed its primary function of resolving the factual differences presented by the evidence. The contentions of appellant are without merit, so the judgment is
Affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944).
[2] Id. at 347, 348.