235 So.2d 344 (1970)
JIMMY HALL's MORNINGSIDE, Inc., a Florida Corporation; and James D. Hall, Individually and James L. Hall, Individually, Appellants,
v.
BLACKBURN & PECK ENTERPRISES, INC., a Florida Corporation, Appellee.
No. 69-403.
District Court of Appeal of Florida, Second District.
May 15, 1970.
Donald McFarland, of Phillips, McFarland, Gould & Korones, Clearwater, for appellants.
Leon Whitehurst, of Tench & Whitehurst, Clearwater, for appellee.
HOBSON, Chief Judge.
On March 1, 1965, plaintiff-appellee leased land, buildings and restaurant equipment to defendant-appellant for a period of five years. From that date until November 2, 1967, appellant operated a restaurant on the leased premises. On November 2, 1967, appellant executed an assignment of the lease to Edenfield's Appliances, Inc., a defendant below, which is not involved in this appeal. Appellee consented to the assignment provided that appellant individually endorse the lease as assigned. From the date of the assignment until July 10, 1968, Edenfield's operated the restaurant *345 premises. On July 10, 1968, however, it advised the appellee that it was closing the premises and abandoning them, and it delivered the key to the premises to the appellee.
Appellants then requested that appellee deliver possession of the premises to them so the appellants could reopen the premises. Appellees informed the appellants that they could not comply with this request because the delivery of the keys to them by Edenfield's had been conditional.
On July 15, 1968, appellants delivered the rent due July 10, 1968 to appellee by delivery to its attorneys. On July 26, 1968, appellee wrote to Edenfield's and to the appellants indicating that it was retaking possession of the premises and would credit Edenfield's and the appellants with rents thereafter to be collected and would hold Edenfield's and appellants responsible for any deficiency. During this period of time both the appellee and the appellants had been negotiating with various parties to find someone to take over the premises.
On August 5, 1968, appellee attempted to deliver possession of the premises to appellants. Appellants refused to accept possession at that date and so advised the appellee. Thereafter, appellee elected to accelerate the rent pursuant to an acceleration clause in the lease, and filed its complaint in this cause.
During the course of the non-jury trial, the court directed a verdict against the appellee and in favor of the appellants for that portion of the amended complaint which sought to recover damages for physical damage to the premises or the contents thereof. The appellee has cross-assigned this as error.
The court entered its final judgment in favor of appellee and against appellants in the sum of $18,000 plus costs, and directed that execution issue. This amount represented the sum of money which was still due under the lease for the remainder of the five year period. Appellants contend that it was error for the lower court to allow acceleration of the entire amount of rent without providing for an accounting at the end of the term (which has now expired) to determine the amounts received, if any, by appellee from reletting the premises and to credit such amounts against the amount due under the lease from appellants. We agree.
Acceleration clauses in leases are valid and enforcible in Florida. Dobbs v. Petko, Fla.App. 1968, 207 So.2d 11, 12. However, acceleration clauses only relate to the accrual of the right of the lessor to bring suit for rent due in the future. The acceleration clause does not affect the actual measure of damages for breach of lease.
The avenues open to a lessor upon breach of a lease by the lessee before the expiration of the term are well settled:
"(a) he may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes; or
"(b) he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or
"(c) he may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due." 4 Adkins, Florida Real Estate Law and Procedure § 106.04 at p. 1970 (1960). See also Kanter v. Safran, Fla. 1953, 68 So.2d 553, 557-558; Diehl v. Gibbs, Fla.App. 1965, 173 So.2d 719, 720.
The appellee clearly chose alternative (b) in this case. The fact that the lease contained an acceleration clause in no way excuses the lessor from applying the proceeds from a reletting to mitigate the damages due from the breaching lessee. *346 This view is supported by the cases in Anno., 128 A.L.R. 750, 753-54 (1940) which hold that once the lessor has accelerated the rent due he cannot also demand possession of the premises. Analogously we hold that, while the appellee was entitled to accelerate the rent payments, it cannot collect the full amount due and then relet the premises to a third party and retain those proceeds also. The latter proceeds must be applied against the amount due from the original lessee to mitigate its liability for damages. For this reason, the judgment must be reversed, and the cause remanded to the lower court for an accounting for rents, if any, received from reletting.
After carefully examining the appellee's cross-assignment of error, that the court erred in directing a verdict in favor of appellant on appellee's claim for damages to the premises, we conclude that it is without merit.
Reversed in part and affirmed in part.
LILES and PIERCE, JJ., concur.