510 So.2d 1021 (1987)
LINENS OF PARIS, INC., Trading As Un Jardin En Plus and Shur's Interiors Broward, Inc., D/B/a Roche Bobois, Appellants,
v.
Seymour CYMET, Leonard Haber and Lawrence H. Rogovin, D/B/a 36TH Street Realty Associates, Appellees.
No. 85-2277.
District Court of Appeal of Florida, Third District.
July 21, 1987.
Rehearing Denied August 31, 1987.
Giller & Kasdin, Cooper, Wolfe & Bolotin, and Sharon Wolfe, Miami, for appellants.
Lawrence H. Rogovin, North Miami Beach, for appellees.
*1022 Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the final summary judgment entered in favor of Seymour Cymet, Leonard Haber and Lawrence H. Rogovin, d/b/a 36th Street Realty Associates (36th Street) on its claims against Linens of Paris, Inc. and Shur's Interiors Broward, Inc. (Linens). Because the parties could and did validly limit the remedies available in the event of a breach of their commercial lease agreement, see Rodeway Inns of America v. Alpaugh, 390 So.2d 370 (Fla. 2d DCA 1980); S.H. Kress & Co. v. Desser & Garfield, Inc., 193 So.2d 192 (Fla. 3d DCA 1966), the trial court erred in granting summary judgment for 36th Street based upon a common law remedy 36th Street expressly agreed to forego in the lease agreement.
Under the terms of the lease agreement drafted by 36th Street, once Linens breached the lease, 36th Street could either cancel the lease or attempt to re-let the premises as Linens's agent. It could not merely stand by, do nothing and recover the rent as it became due, as permitted by the common law of Florida.[1] In the absence of further action on the part of 36th Street, the trial court's final summary judgment awarding 36th Street damages for rent due after Linens had defaulted and abandoned the premises was erroneous. Furthermore, since 36th Street conceded at argument before this court that it had not exercised the remedy options available to it under the lease, of either cancelling the lease or retaking the property as Linen's agent, we hold that it waived its remedies under the lease. Cf. Gergora v. Flynn, 486 So.2d 5, 6 (Fla. 3d DCA) (lessors waived right to attorney's fees provided for in lease when they abandoned their claims grounded upon the lease in favor of equitable remedy), review denied, 500 So.2d 544 (Fla. 1986); Altiere v. Atlantic Nat'l Bank, 168 So.2d 693, 695 (Fla. 2d DCA 1964) (lessor's right to exercise option of terminating lease upon the lessee's breach is not automatic and may be waived if lessor fails to take action); In re Boogaart, Inc., 17 B.R. 480, 485 (Bankr.S.D.Fla. 1981) ("A lessor's failure to enforce the provisions of a lease prevents the lessor from subsequently enforcing those provisions."). Accordingly, we reverse and remand this cause to the trial court to enter judgment for Linens on 36th Street's claim for rent due after Linens had defaulted.
We affirm the portion of the trial court's order finding that 36th Street is entitled to recover increased real estate tax costs, rent, and insurance premiums which were provided for in the lease but which Linens never paid. Because the lease did not establish 36th Street's timely demand as a prerequisite to recovery, as did the lease in National Health Labs., Inc. v. Bailmar, Inc., 444 So.2d 1078, 1080 (Fla. 3d DCA), review denied, 453 So.2d 43 (Fla. 1984), Linen's contention that 36th Street waived its right to collect the additional amounts through its inaction, is unavailing. See Continental Real Estate Equities, Inc. v. Rich Man Poor Man, Inc., 458 So.2d 798 (Fla. 2d DCA 1984); National Health Labs., 444 So.2d at 1080-81; cf. Mercede v. Mercede Park Italian Restaurant, Inc., 392 So.2d 997 (Fla. 4th DCA 1981) (mere delay in making demand does not amount to waiver of right to collect additional rent).
We reverse the portion of the trial court's judgment awarding 36th Street damages for rent due after Linens's default and remand the case to the trial court to merely determine the additional real estate *1023 taxes, insurance and rent amounts to which 36th Street is entitled from the time Linens became liable for such expenses until the time of Linens's breach.
NOTES
[1] In the absence of an agreement to the contrary, Florida law provides a lessor with three alternate remedies when the lessee breaches the lease agreement by failing to pay rent. The lessor may (1) treat the lease as terminated and retake possession of the property for the lessor's own use, (2) reenter the property and relet it for the account of the lessee, with the lessee remaining liable for any deficiencies, or, (3) stand by, do nothing, and recover each rent installment as it becomes due. Stenor, Inc. v. Lester, 58 So.2d 673, 676 (Fla. 1951); Williams v. Aeroland Oil Co., 155 Fla. 114, 117, 20 So.2d 346, 347-48 (1944); Wolf v. Buchman, 425 So.2d 182, 185 (Fla. 3d DCA 1983); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enters., 235 So.2d 344, 345 (Fla. 2d DCA 1970). See also §§ 83.001-.251, Fla. Stat. (1985).