PER CURIAM.
The Stolowilsky’s leased a condominium at the Treasure Bay Club Condominium, North Bay Village, Florida, for a period of one year, November 15, 1985 to November 14, 1986. The lease called for the payment of $7,200.00 in rent at $600.00 per month. The Stolowilskys vacated the premises at the end of March, 1986. Lakeway, as lessor, brought suit to recover the balance of the rent due for the entire term. At the conclusion of a bench trial the trial court entered a judgment for the lessor, but only for the period of actual occupancy, having permitted an amendment at the outset of the trial to urge constructive eviction as a defense. The trial court also denied attorney’s fees to the lessor. This appeal ensued.
The lease agreement required the Sto-lowilskys to pay $1,800.00 for the first and last months rent and one months security. The Stolowilskys paid $600.00 monthly rent in December, 1985, and then failed to pay any rent until they vacated the premises in March of 1986. Lakeway urges that the trial court erred in allowing appellees to raise the defense of constructive eviction, despite the fact that no such defense had been pleaded, and that the trial court *951 should have granted attorney’s fees pursuant to the lease agreement. We reverse.
Only after the lessor sent a three-day notice pursuant to Section 83.20(2), Florida Statutes (1985) did the tenant make a complaint in writing which would meet the condition precedent to urging constructive eviction. See Section 83.60(1), Florida Statutes (1985). We therefore find that the trial court erred in permitting this defense to be raised. The lessor having prevailed and the lease providing for attorney’s fees in such instances, the trial court should have awarded such a fee. We therefore return the matter to the trial court for trial on the issues as made by the pleadings, with instructions that if the lessor prevails it be awarded attorney’s fees pursuant to the lease. See & compare, Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987); Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1986); Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977); Reiss v. Goldman, 196 So.2d 184 (Fla. 3d DCA 1967).
Reversed and remanded with directions.