541 So.2d 1313 (1989)
COLONIAL PROMENADE, Etc., Appellant,
v.
Jan JUHAS and Darina Juhas, Etc., Appellees.
No. 88-1811.
District Court of Appeal of Florida, Fifth District.
April 13, 1989.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
No appearance for appellees.
COBB, Judge.
Colonial Promenade (hereinafter Colonial) filed an eviction action in October 1987 against Jan and Darina Juhas, doing business as Express Photo, to evict them from property it owns in Orlando, Florida. The Juhases had possession of the property under a lease agreement requiring them to pay $1,333.33 rent per month beginning December 1, 1985. The amended complaint alleged that the Juhases had failed to pay the rent for a portion of January 1987 and the months of February through October 1987. The parties entered into a joint stipulation whereby the Juhases agreed to surrender possession of the leased premises to Colonial. The stipulation specifically noted that the court retained jurisdiction to adjudicate the remaining issues raised by the parties relating to back rent, costs and attorney's fees. A final judgment for possession was entered by the court effective January 4, 1988. The case was then transferred to circuit court as some money damages claimed by Colonial exceeded $5,000.00.
During the circuit court trial, Colonial represented that it was seeking back rent and other elements of damages. It also argued that it was entitled to rent which would accrue after the Juhases vacated the premises because the lease provided for acceleration of the rent. The lease agreement between the parties contains the following provisions:
21. REMEDIES IN DEFAULT
21.A. In the event of any default or breach by Tenant, Landlord may at any time thereafter, in its sole discretion, with or without notice or demand and *1314 without limiting Landlord in the exercise of a right or remedy which Landlord may have by reason of such default or breach:
I. Terminate Tenant's right to possession of the Premises by any lawful means, in which case this Lease shall terminate and Tenant shall immediately surrender possession of the premises to Landlord. In such event Landlord shall be entitled to recover from tenant all damages incurred by Landlord by reason of Tenant's default including, but not limited to, the cost of recovering possession of the Premises; expenses of reletting, including necessary renovation and alteration of the Premises; reasonable attorney's fees; the worth at the time of award by the court having jurisdiction thereof of the amount by which the unpaid rent and other charges and Adjustments called for herein for the balance of the term after the time of such award exceeds the amount of such loss for the same period that Tenant proves could be reasonably avoided; and that portion of any leasing commission paid by Landlord and applicable to the unexpired term of this Lease. Unpaid installments of rent or other sums shall bear interest from the date due at the maximum legal rate; or
II. Maintain Tenant's right to possession, in which case this Lease shall continue in effect whether or not Tenant shall have abandoned the Premises. In such event Landlord shall be entitled to enforce all of Landlord's rights and remedies under this Lease, including the right to recover the rent and any other charges and Adjustments as may become due hereunder, or
III. Pursue any other legal remedy now or hereafter available to Landlord under the laws of judicial decisions of the State in which the Premises are located.
At trial, Colonial relied upon subparagraph I. to support its claim for the unpaid rent for the balance of the term of the lease reduced by reasonable mitigation. The trial court rejected this contention, and found:
Paragraph 21 A I of the lease is purported acceleration clause.2 An acceleration clause in a lease permits the owner to accelerate the rent payments through the term of the lease even though the owner has regained possession of the premises by terminating the lease.
Even if the lease contained a valid acceleration clause, by electing to terminate the lease by eviction, the landlord is foreclosed from obtaining a judgment for rent for the balance of the term which accrued after the landlord regained possession of the premises.3 The 4th DCA stated at page 447
"Having elected to terminate the term by ejectment, the lessor is foreclosed from obtaining judgment for the rent for the balance of the term which accrued after ejectment, but became sooner payable under the acceleration clause. This would in effect be a double remedy, which is conflicting and antagonistic."4
2 For purposes of this decision the court does not find it necessary to determine whether such a clause really is an acceleration clause.
3 Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970); see also Chesnel v. Paradis, 453 A.2d 1184 (Me. 1983); Rohrt v. Kelly [Kelley] Mfg. Co. [162 Tex. 534], 349 S.W.2d 95 (Tex. 1961); Pirkle & Williams v. Shreveport Jitney Jungle, 140 So. 837 (La. App. 1932); Greco v. Woodlawn Furniture Co., 99 Pa.Super. 290 (Pa.Super. 1930).
4 Geiger Mutual Agcy v. Wright, 233 So.2d 444 (Fla. 4th DCA 1970).
The quoted language from Geiger in the trial court's opinion is misleading, and led the trial court into error. The subsequent paragraph in Geiger reveals that the court's determination there was based upon the fact that the landlord "resumed exclusive possession of the property for his own use ..." (Emphasis added). Geiger at 447. In other words, the landlord cannot have the use of the property and the rent due for use of the property. That is what is referred to in Geiger as a double remedy.
Contrary to the trial court's determination, it is not the fact of eviction by the landlord that is determinative; rather, *1315 it is the nature of his use of the property after the defaulting tenant leaves, whether voluntarily or via eviction, that governs the availability of the landlord's remedies. See Babsdon Company v. Thrifty Parking Company, 149 So.2d 566 (Fla. 3d DCA 1963). To say, as did the trial court, that the fact of eviction of the defaulting tenant forecloses a judgment against that tenant is illogical and inequitable. It discriminates against the cooperative tenant in default who voluntarily relinquishes possession and rewards the recalcitrant one who refuses to leave absent formal eviction proceedings.
In the instant case the contract between the parties expressly allows the landlord to claim the balance of the rent due under the lease provided he reasonably mitigates his damage  i.e., rents to another tenant during that period for the maximum rental he may obtain.[1] Nothing in Florida public policy, case law, or logic proscribes this contractual remedy. Indeed, the Florida Supreme Court has expressly recognized that upon breach of a lease one of three courses of action available in Florida to the lessor is the re-taking of possession for the account of the tenant, holding the latter responsible in general damages measured by the difference between the stipulated rent and any amount the lessor is able to recover in good faith from his re-letting. See Wagner v. Rice, 97 So.2d 267, 270 (Fla. 1957). If, in fact, the lessor resumes possession of the premises and utilizes them for purposes other than recovery of the rental due him under the contract, then  and only then  is he foreclosed from suit for the balance because such would inequitably constitute a double remedy. See Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884, 885 (Fla. 5th DCA 1979).
Ordinarily, the nature of the lessor's repossession is a question of fact. Babsdon at 569. The record in the instant case, however, indicates that the trial court ruled at the inception of the trial below that Colonial, having filed an eviction action, was barred as a matter of law from recovery of rent other than that which accrued during the tenant's possession. Therefore, the nature of Colonial's post-eviction use of the property was not presented as a factual issue at trial by either party. Accordingly, we reverse and remand for a new trial in regard to the issue of appellant's entitlement to rent for the balance of the lease after repossession.
REVERSED AND REMANDED.
SHARP, C.J., and DANIEL, J., concur.
NOTES
[1] Although paragraph 21. A.I. misleadingly says that the "Lease shall terminate," it is clear from a reading of the entire subparagraph that it contemplates only termination of the defaulting tenant's right to possession under the lease, not termination of the tenant's obligation to pay the rent for the balance of the term.