CAWTHON, Senior Judge.
This is an appeal of a final judgment on an action for breach of a lease agreement in which the trial court ruled that the landlord retook possession of a commercial premises exclusively for his own purposes and thereby released the tenant from liability. Appellant landlord contends, among other things, that the court erred in (1) finding that the landlord retook possession exclusively for his own use and (2) finding that the landlord is barred from recovering rents accruing after repossession of a commercial premises unless the landlord has expressly notified his tenant of its contractual obligations.
We reverse the trial court’s order. The trial court correctly stated that a landlord has three remedies for breach of a lease agreement: (1) to retake possession of property for its exclusive use; (2) to retake possession for the account of the tenant, holding the tenant responsible for the difference between the stipulated rent to be paid and any amount the lessor is able to recover in good faith from his re-letting; and (3) to take no action and sue the tenant as each installment of rent matures or for all the rents due when the lease expires. Williams v. Aeroland Oil Company, 155 Fla. 114, 20 So.2d 346 (1944). The trial court, however, erred in finding that the landlord retook possession exclusively for his own use based on the landlord’s failure to notify the tenant and the tenant’s exclusion from decision-making in the renovation and rental of the property.
In Kanter v. Safran, 68 So.2d 553 (Fla.1953), the court established that it is the actual use of the repossessed property by a landlord which defines his recovery unless there is an agreement between the parties relieving the tenant of future liability. In Colonial Promenade v. Juhas, 541 So.2d 1313 (Fla. 5th DCA 1989), our sister court likewise held that the nature of the landlord’s use of the property after the defaulting tenant leaves governs the availability of the landlord’s remedies. The court further held that a landlord is barred from future recovery only if the landlord has resumed possession of the premises and utilizes them for purposes other than the recovery of rental. Id. at 1315.
None of the renovations and repairs made by the landlord were inconsistent with the right of the landlord to relet the property for the tenant’s account. The un-rebutted evidence was that the landlord never occupied the premises at any time after the eviction and continually advertised the property for lease since the eviction. Accordingly, the trial court’s order is reversed and remanded for further proceedings consistent herewith.
ERVIN and WIGGINTON, JJ„ concur.