PER CURIAM.
Sylvia Blount [landlord] appeals from a final judgment denying recovery for breach of a lease and guaranty. For the following reasons, we reverse.
In 1983, the landlord and Dino’s Fontana di Trevi executed a lease for a restaurant. The leasehold included a liquor license. The rental payments were guaranteed by an individual, Elena Morra, in a separate guaranty. The guaranty was “not conditioned upon the genuineness, validity, regularity or enforceability of the lease.” Dino’s assigned the lease to Three Sons, Inc., in 1983 but remained fully liable for performance of all obligations under the lease. Three Sons defaulted on the lease in 1987 and abandoned the premises, causing various liens to accrue against both the real property and the liquor license for unpaid sales taxes.[1]
In September of 1987, the landlord sued Three Sons, Inc., seeking a declaration that she was entitled to the liquor license. The landlord prevailed in that action and regained possession of the license.
In 1988, the landlord sued Morra on the lease guaranty. She later amended the action to add Dino’s as a party and to recover on the lease itself.[2] The trial court entered final judgment for the landlord for $364,580 against Dino’s and Morra, jointly and severally. However, upon the defendants’ timely motion for rehearing, the trial court reversed its earlier ruling and found that the landlord had elected her remedy by suing to recover the liquor license in the 1987 declaratory judgment action and, therefore, could not recover unpaid rent under either the lease or the guaranty. The trial court relied on Jimmy Hall’s Morningside v. Blackburn & Peck Enterprises, 235 So.2d 344 (Fla. 2d DCA 1970). The trial court entered final judgment for defendants; we reverse.
The trial court misapplied the doctrine of election of remedies set forth in Jimmy Hall’s. In Jimmy Hall’s, the second district held that, upon breach of a lease by a lessee before the expiration of the term, *381 the landlord could either: 1) treat the lease as terminated and resume possession of the premises for his own purposes; 2) retake possession of the premises for the tenant’s account and hold the tenant liable for the difference between the agreed-upon rental and what the landlord was able to recover from releasing the premises in good faith; or 3) do nothing and sue the lessee as each installment matured, or for the entire amount, when it became due. 235 So.2d at 345. Election of one alternative precludes the others. Id.
In this case, the landlord did not resume possession of the premises when she sued to recover the liquor license in 1987. Her action was taken to protect an asset of the leasehold and did not vitiate her right to damages under the lease. See Kanter v. Safran, 68 So.2d 553, 556 (Fla.1953) (actions taken by landlord to protect the premises not regarded as showing resumption of exclusive possession; test is whether possession taken is of exclusive character, with apparent intention of occupying and controlling premises as his own to tenant’s exclusion). The landlord was, therefore, entitled to recover the rental payments from the tenant, Dino’s.
Furthermore, the landlord was entitled to seek recovery of the rental payments from Morra, the guarantor. By its own unambiguous terms, the guaranty is unconditional and absolute and rendered Morra liable upon default by Dino’s. See Anderson v. Trade Winds Enters. Corp., 241 So.2d 174, 177 (Fla. 4th DCA 1970) (“One who undertakes an absolute guarantee of payment by another becomes liable immediately upon default in payment by the other.”), cert. denied, 244 So.2d 432 (Fla.1971).
In conclusion, we hold that, under either the guaranty or the lease, the landlord could recover the unpaid rent. Upon remand, the trial court shall reinstate the judgment originally entered against Morra and Dino’s, holding them jointly and severally liable for $364,580.
Reversed and remanded with directions.

. The premises remained vacant for twenty-six months while the landlord was unable to relet. In September, 1989, the premises were leased for a term of five years.

. The lease included a provision that the tenant’s liability was to "survive and continue” after a termination or repossession by the landlord.