FASTRACK APPEAL
PER CURIAM.
Boulevard Shoppes, the landlord, appeals a final order granting only partial relief in its suit against Pro-1 for breach of a lease agreement. We reverse.
The parties have agreed to a statement of the facts. On March 1, 1990, tenant moved into the premises. The tenant did not pay rent for the months of February, March and April of 1991 because of its dissatisfaction with the maintenance of the premises. The landlord gave the tenant notice to pay the rent or deliver possession of the property and the tenant moved.
*1318 The landlord sued to recover past due rent and common area maintenance. The landlord also sought acceleration of the remaining lease payments through the date the premises were re-rented, as permitted by the lease.
The tenant was ordered to pay rent only for the time it was in the premises and the time in which it failed to notify the landlord that it had left, February through June. The trial court did not assess attorney's fees and costs, although the lease required such payment to the prevailing landlord.
The tenant admits that it failed to pay rent and abandoned the premises, but asserts that it was entitled to do so because of its dissatisfaction with the manner in which the premises were maintained. However, we conclude that no constructive eviction is demonstrated on this record. An essential element of constructive eviction is an interference with the tenant’s use and enjoyment of the premises. E.g. Richards v. Dodge, 150 So.2d 477 (Fla.2d DCA 1963). Therefore, the tenant is not relieved of further liability for the payment of rent for the unexpired term prior to re-renting.
Where a claim of constructive eviction is based on the landlord’s need to make repairs, the tenant must give the landlord notice and opportunity to make the repairs. Richards, 150 So.2d at 484. If a needed repair does not render the premises untenantable, the tenant’s abandonment of the premises is not warranted and the tenant is not relieved of further liability for rent. Masser v. London Operating Co., 106 Fla. 474, 145 So. 72 (1932).
The trial court determined that the tenant was excused from further rental payments due to its “dissatisfaction” with the premises. However, mere dissatisfaction which falls short of a constructive eviction does not relieve a tenant from its obligation to pay rent. E.g. Masser, 145 So. 72.
The record evidence of the tenant’s dissatisfaction did not support a finding that a constructive eviction occurred. The tenant had complained that the roof leaked, but in the agreed statement of the case the tenant admitted that the leak was fixed and did not cause any damage. Therefore, the landlord did not fail to repair the roof and no constrictive eviction resulted. The tenant complained that the landlord did not hold a grand opening, but the tenant admitted in the agreed statement of the case that the lease did not require the landlord to have such an opening and that the landlord’s oral offer to have the opening was conditioned on the tenant’s payment for half of the costs. The tenant did not agree to pay for half the costs, and the landlord was never obligated to have the opening. Therefore, the failure to have the opening did not result in the tenant’s constructive eviction. Lastly, the tenant complained that the landlord did not clean up beer cans and dog “deposits” in front of its door for several days. In another incident, ice cream was dropped near its door. These events did not render the premises unten-antable or amount to a constructive eviction of the tenant. See Masser, 145 So. 72; Richards, 150 So.2d at 484. The landlord was entitled to, and did, correct the problems as they occurred.
The agreed statement of the case reveals that the lease had an acceleration clause which provided for the acceleration of future rent in the event of the tenant’s breach of the lease. The tenant breached the lease by failing to pay rent and abandoning the premises. Therefore, in addition to the sums awarded, the landlord was entitled to the accelerated rent pursuant to the lease, minus the amount received upon reletting the premises. See Colonial Promenade v. Juhas, 541 So.2d 1313 (Fla. 5th DCA 1989).
The agreed statement of the case states that the lease between the landlord and the tenant provided that if the landlord prevailed, it would be entitled to recover attorney’s fees and costs. Therefore, the landlord on remand should recover attorney’s fees and costs. See Lakeway Management Co. of Florida, Inc. v. Stolowilsky, 527 So.2d 950, 951 (Fla.3d DCA 1988).
*1319 The final order is reversed and remanded for further proceedings.
GLICKSTEIN, C.J., and LETTS and STONE, JJ., concur.