HOY, JOHN J., Associate Judge.
Appellant Fort Lauderdale Joint Venture Limited Partnership (JVJ) operates a shopping mall in Fort Lauderdale. Appellees Woodrow Sander and Pasquale Serafino guaranteed certain payments under a lease for a retail clothing store in the mall. JVJ filed suit in 1989 for unpaid and accelerated rent. The parties reached a settlement but the tenant again defaulted and filed for bankruptcy. The tenant remained in possession of the store through October 1990, but paid no rent for the period March 1, 1990, through October 31, 1990.
JVJ relet the tenant’s premises through “license agreements” from November 1, 1990, through June 30, 1991. The rents collected under these agreements were credited to the tenant’s unpaid rent. As of the time of trial in October 1991, JVJ had not found a permanent replacement tenant.
At trial, JVJ sought to recover the unpaid rent for March through October 1990, and additional amounts due under guaranties signed by the appellees. The case was tried non-jury. JVJ proved, without contradiction, the amounts due under the lease guaranty and an additional guaranty. The guarantors defended by arguing that the landlord had acted in bad faith by reletting the premises under the license agreements and had constructively retaken the premises for its own use; as a result of these actions, JVJ was not entitled to recover any damages. After finding that JVJ acted in bad faith and retook the premises, the trial judge denied the plaintiff any relief. At oral argument, counsel for guarantors agreed that JVJ was entitled at least to the March through October 1990 rent. The judgment must thus be reversed and judg *134 ment entered in favor of JYJ for that amount of rent.
The issue on appeal is whether the trial court erred in denying all other relief to the landlord. We believe that it did and reverse.
Upon a tenant’s breach of a lease, a landlord has a choice of three remedies:
(1) to retake possession of property for its exclusive use; (2) to retake possession for the account of the tenant, holding the tenant responsible for the difference between the stipulated rent to be paid and any amount the lessor is able to recover in good faith from his re-letting; and (3) to take no action and sue the tenant as each installment of rent matures or for all the rents due when the lease expires.
4-Way, Inc. v. Bryan, 581 So.2d 208, 209 (Fla. 1st DCA), dismissed, 591 So.2d 180 (Fla.1991). Here, the trial court found that JVJ had retaken the property for its exclusive use because of the nature of the license agreements and its relationship to the licensee, an existing tenant in the mall. Having retaken for its exclusive use, the landlord could not recover rent. The trial record does not support these findings.
The evidence at trial showed that JYJ followed its normal procedures of trying to find a permanent replacement tenant for the vacated space. The rental was handled through its national sales office. The use of short-term license agreements was a normal practice while looking for a permanent tenant under a ten-year lease. The rental efforts were under way when the tenant vacated and were continuing at the time of trial.
The only evidence in opposition to the landlord’s efforts was that of Mr. Serafino, one of the guarantors. His limited comments discussed what a prospective tenant might do when looking for mall space to occupy. He had nothing to say about the reasonableness of JVJ’s efforts as a landlord.
The only substantial, competent evidence regarding the efforts of the landlord was that it acted according to its standard procedures which were reasonable and done in good faith. The landlord retook possession for the benefit of its tenant and not for its exclusive use. The judgment is therefore reversed and the case remanded to the trial court. Judgment shall be entered in favor of JVJ for the amount of rent due from March 1990 through October 1990. The court shall determine the amount of damages due under the guaranty and additional guaranty. JVJ is awarded attorney’s fees and costs on appeal in an amount to be determined by the trial court.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.