779 So.2d 545 (2001)
HORIZON MEDICAL GROUP, P.A., Appellant,
v.
CITY CENTER OF CHARLOTTE COUNTY, LTD., a Florida limited partnership, Appellee.
No. 2D00-926.
District Court of Appeal of Florida, Second District.
January 12, 2001.
G. Craig Soria of G. Craig Soria, P.A., Sarasota, for Appellant.
Ronald L. Collier and Scott A. Haas of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellee.
PARKER, Acting Chief Judge.
Horizon Medical Group, P.A. (Horizon) appeals the final summary judgment entered against it and in favor of City Center *546 of Charlotte County (City Center) in this landlord/tenant breach of contract case. Horizon raises three points, only one of which has merit. We therefore affirm the entry of the final judgment but remand the case with directions to amend the final judgment to reflect that the trial court retains jurisdiction to entertain motions for an accounting during the remainder of the lease term.
Horizon signed a five-year lease agreement for office space with City Center in March 1999. In November 1999 City Center filed a complaint alleging that Horizon had breached the lease agreement by failing to pay rent and abandoning the premises. The complaint sought an award of damages for, among other things, the balance of the rent due over the remainder of the lease term pursuant to the acceleration clause in the lease. Horizon filed its answer admitting the material allegations of the complaint. City Center thereafter filed a motion for final summary judgment. The trial court granted final summary judgment in favor of City Center and awarded City Center damages composed of unpaid back rent, interest on the back rent, accelerated rent for the remainder of the lease term, interest on the accelerated rent, costs for reletting and refurbishing the premises, and attorneys' fees and costs. Horizon timely appealed the final judgment.
We affirm the final judgment in all respects except one. While City Center validly exercised its option to seek accelerated rent from Horizon, it cannot collect accelerated rent from Horizon, relet the premises to a third party during the remainder of the lease term, and retain those rental proceeds as well. See Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838, 840-41 (Fla. 2d DCA 1994); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enters., Inc., 235 So.2d 344, 346 (Fla. 2d DCA 1970); Quintero-Chadid Corp. v. Gersten, 582 So.2d 685, 688-89 (Fla. 3d DCA 1991). Any rental proceeds received by City Center from reletting the premises during the remainder of the lease term must be applied against the accelerated rent due from Horizon. See Jimmy Hall's, 235 So.2d at 346. Therefore, it was error for the trial court to enter a final judgment for the entire amount of the accelerated rent without any reservation of jurisdiction to consider a motion for an accounting should City Center relet the premises during the remainder of the lease term. See Quintero-Chadid Corp., 582 So.2d at 689. Accordingly, we remand this case to the trial court with directions to amend the final judgment to reflect a retention of jurisdiction to consider any motions for an accounting that may become necessary during the remainder of the lease term.[1]
Affirmed, but remanded for entry of an amended final summary judgment.
GREEN and STRINGER, JJ., concur.
NOTES
[1] We note that there is nothing in our record to indicate whether City Center has actually relet the premises at issue as of this time. However, the lease term is less than half over, and it is possible that the current rental situation may change between now and the end of the lease term in March 2004.