852 So.2d 926 (2003)
HOLIDAY FURNITURE FACTORY OUTLET CORPORATION, Appellant,
v.
STATE of Florida, DEPARTMENT OF CORRECTIONS, Appellee.
Nos. 1D02-2215, 1D02-3461.
District Court of Appeal of Florida, First District.
August 21, 2003.
*927 Steven E. Sellers of Sellers Law Firm, P.L., Tallahassee, for Appellant.
Obed Dorceus and Lori D. Stith, Assistant General Counsels of the Department of Corrections, Tallahassee, for Appellee.
ERVIN, J.
Appellant, Holiday Furniture Factory Outlet Corporation, appeals an order dismissing its amended complaint alleging breach of contract against appellee, Department of Corrections (DOC), with prejudice, on the ground that the statute of limitations had expired and Holiday Furniture will be unable to further amend its complaint to state a cause of action that is not time-barred. We reverse and remand for reinstatement of Holiday Furniture's amended complaint, because the statute of limitations does not bar its claim for unpaid rent that accrued during the five years before it filed its complaint on December 28, 2001.
Holiday Furniture leased property to DOC for a five-year term between February 1, 1995, and January 31, 2000, conditioned upon Holiday Furniture's agreement to complete certain renovations. DOC terminated the agreement before moving in, and contends that Holiday Furniture did not complete the necessary renovations. Holiday Furniture brought the instant suit on December 28, 2001. The trial court dismissed, holding that Holiday Furniture had alleged that it had either completed renovations, or was prevented from performing, by March 1, 1995; accordingly, it was required to bring its action for breach of contract by February 29, *928 2000, based upon the five-year limitations period for actions alleging breach of contract under section 95.11(2)(b), Florida Statutes (1995). We disagree.
A cause of action on a contract accrues and the limitations period commences at the time of the breach. See State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818 (Fla.1996). Lease agreements require installment payments, and each failure to pay an installment constitutes an individual breach. Courts in numerous Florida cases have reiterated the general rule that when there has been a breach, abandonment, or renunciation of a lease before the expiration of the term, the lessor has three options. The lessor may (1) treat the lease as terminated and retake possession for the lessor's purposes; (2) hold possession for the lessee's account, in which case the lessee is responsible for any difference between the rent obligation and amounts the lessor recovers by reletting the premises; or (3) stand by and do nothing and sue the lessee as each installment of rent matures, or sue for all the rents due when the lease expires. See, e.g., Wagner v. Rice, 97 So.2d 267 (Fla. 1957); Stenor, Inc. v. Lester, 58 So.2d 673 (Fla.1951); Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); 4-Way, Inc. v. Bryan, 581 So.2d 208 (Fla. 1st DCA 1991); Diehl v. Gibbs, 173 So.2d 719 (Fla. 1st DCA 1965); Ft. Lauderdale Joint Venture Ltd. P'ship v. Sander, 613 So.2d 133 (Fla. 4th DCA 1993); Blount v. Dino's Fontana Di Trevi, Inc., 583 So.2d 380 (Fla. 3d DCA 1991); Gould v. Vitiello, 526 So.2d 1018 (Fla. 2d DCA 1988); Linens of Paris, Inc. v. Cymet, 510 So.2d 1021 (Fla. 3d DCA 1987); Wolf v. Buchman, 425 So.2d 182 (Fla. 3d DCA 1983); Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979); Jimmy Hall's Morningside, Inc. v. Blackburn & Peck Enters., Inc., 235 So.2d 344 (Fla. 2d DCA 1970). Holiday Furniture chose to exercise the third option.
Although none of the cases cited above involved a tenant who had never taken possession of the property, or a landlord who did nothing and sued for the full amount at the end of the lease period, we see no need to limit the general rule to lessees who have been in possession for some period.[1] Accordingly, Holiday Furniture was entitled to sue DOC for all of the unpaid installments, and the statute of limitations bars recovery only of those installments due over five years before Holiday Furniture filed suit on December 28, 2001. See Central Home Trust Co. of Elizabeth v. Lippincott, 392 So.2d 931 (Fla. 5th DCA 1980) (reversing an order denying recovery against the makers of an installment promissory note on the ground that the suit was barred by the five-year statute of limitations, holding that the installments due over five years before the suit was filed were barred, whereas the installments due afterward were not). We express no opinion on the merits of Holiday Furniture's suit.[2]
REVERSED and REMANDED for further consistent proceedings.
BARFIELD and ALLEN, JJ., CONCUR.
NOTES
[1] We note that a landlord who chooses the third option is required to mitigate damages by reletting the premises to other tenants. See Hudson Pest Control, Inc. v. Westford Asset Mgmt., 622 So.2d 546 (Fla. 5th DCA 1993).
[2] Based upon our holding, we also reverse the trial court's award of attorney's fees to DOC in Holiday Furniture Factory Outlet Corp. v. Department of Corrections, No. 1D02-3461, which we consolidate with the instant case for the purpose of issuing this opinion.