STEVENSON, J.
 

 This appeal stems from breach of a lease agreement existing between the appellee, Millennium Plaza Acquisition, LLC (“Millennium”), as Landlord, and the appellant, Bucky’s Barbeque of Fort Lauderdale, LLC (“Bucky’s”), as Tenant. Appellant, Mark Rodberg, guaranteed payments under the lease. Millennium filed a motion for summary judgment that was granted by the trial court. Because the trial court did not properly determine damages, we reverse and remand for a determination of damages only.
 

 The lease, entered into on December 18, 2006, was for a term of ten years and required Bucky’s to pay $19,506.67 per month. Rodberg guaranteed rent payments due under the lease, not to exceed “an amount equal to the total Rent ... due and payable by Tenant under the Lease during the thirty six (36) month period immediately following such Event of Default.” The lease also provided that upon default by'Tenant, Millennium had the following rights:
 

 (i) To re-enter and remove all persons and property from the Demised Premises, and such property may be removed and stored in a public warehouse or
 
 *1209
 
 elsewhere at the cost of and for the account of Tenant, all without service of notice or resort to legal process and without being deemed guilty of trespass, or becoming liable for any loss or damage which may be occasioned thereby.
 

 (ii) Terminate Tenant’s possession of the Premises and elect to declare the entire Base Rent for the balance of the term due and payable forthwith.
 

 (iii) Terminate Tenant’s possession of the Premises and relet the Demised Premises for the account of the Landlord or within the sole discretion of Landlord the Demised Premises may be relet for the account of Tenant.
 

 On May 9, 2008, Millennium filed a three-count complaint, alleging that Bucky’s breached the lease by failing to make monthly payments, and that Rod-berg failed to honor the guaranty agreement. In count one, Millennium sought possession of the property. In counts two and three Millennium sought to recover rent, on an accelerated basis, for the balance of the lease term, totaling $2,484,919.99, from Millennium and Rod-berg. On August 15, 2008, Bucky’s surrendered the property to Millennium, pursuant to a settlement agreement as to count one of the complaint. Bucky’s also filed an answer raising twelve defenses, including that Millennium took possession of the property for its own benefit, relieving Bucky’s of its obligation under the lease; that Bucky’s was entitled to any overage of rent collected by Millennium from a third party renting the property; that Millennium could sue for rent only up to the time of re-letting, and not for the full accelerated amount; and that Millennium failed to mitigate damages.
 

 On October 5, 2009, Millennium filed its motion for summary judgment, as to counts two and three of the complaint. In the motion, Millennium argued that, due to Bucky’s breach of the agreement, it elected option (ii) of its default remedies and was entitled to rent for the balance of the lease term. Millennium moved to strike the majority of Bucky’s defenses. The trial court granted the motion and entered a final judgment in the amount of $2,540,028.47 against Bucky’s and in the amount of $932,019.27 against Rodberg.
 

 A trial court’s decision to grant a motion for summary judgment is reviewed de novo.
 
 See PNC Bank, N.A. v. Progressive Employer Servs. II,
 
 55 So.3d 655, 658 (Fla. 4th DCA 2011). Summary judgment is appropriate where the record reveals no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.
 
 Id.
 
 (citing
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000)). Upon breach by a tenant, a landlord has its choice of three remedies:
 

 “(1) to retake possession of property for its exclusive use; (2) to retake possession for the account of the tenant, holding the tenant responsible for the difference between the stipulated rent to be paid and any amount the lessor is able to recover in good faith from his re-letting; and (3) to take no action and sue the tenant as each installment of rent matures or for all the rents due when the lease expires.”
 

 Fort Lauderdale Joint Venture Ltd. P’ship ex rel. JVJ Fort Lauderdale Joint Venture v. Sander,
 
 613 So.2d 133, 134 (Fla. 4th DCA 1993) (quoting
 
 4-Way, Inc. v. Bryan,
 
 581 So.2d 208, 209 (Fla. 1st DCA),
 
 dismissed,
 
 591 So.2d 180 (Fla.1991)). It is the landlord’s actual use of the property that determines its remedies.
 
 See 4-Way, Inc.,
 
 581 So.2d at 209. “Ordinarily, the nature of the lessor’s repossession is a question of fact.”
 
 Colonial Promenade v. Juhas,
 
 541 So.2d 1313, 1315 (Fla. 5th DCA 1989).
 

 
 *1210
 
 The record indicates that Millennium took possession of the property pursuant to the terms of the settlement agreement. For that reason, Millennium’s remedy was dependent upon its use of the property. The trial court made no findings on Millennium’s use of the property and the motion for summary judgment did not address this issue, though Bucky’s raised it as a defense. Thus, Millennium failed to meet its summary judgment burden.
 
 See E. Qualcom Corp. v. Global Commerce Ctr. Ass’n,
 
 59 So.3d 347, 352 (Fla. 4th DCA 2011) (“‘[I]n order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.’ ”) (quoting
 
 Alejandre v. Deutsche Bank Trust Co. Ams.,
 
 44 So.3d 1288, 1289 (Fla. 4th DCA 2010)). Additionally, in order for rent to be awarded on an accelerated basis, any proceeds by Millennium from re-letting the premises during the remainder of the lease must be applied against the accelerated rent due from Bucky’s.
 
 See Colonial Promenade,
 
 541 So.2d at 1315;
 
 see also Horizon Med. Grp., P.A. v. City Ctr. of Charlotte Cnty., Ltd.,
 
 779 So.2d 545, 546 (Fla. 2d DCA 2001) (noting that landlord “cannot collect accelerated rent from [tenant], relet the premises to a third party during the remainder of the lease term, and retain those rental proceeds as well”). Finally, since the amount of damages owed by Rodberg is dependent on those owed by Bucky’s, the final judgment must also be reversed as to him.
 
 See Amerishop Mayfair, L.P. v. Billante,
 
 833 So.2d 806, 809 (Fla. 3d DCA 2002) (“A contract of guaranty is the promise to answer for the payment of the debt, default or performance of another.”).
 

 The motion for summary judgment did, however, establish that Bucky’s breached the lease. Thus, we reverse for a determination of damages only.
 

 Reversed and remanded.
 

 GROSS and TAYLOR, JJ., concur.