# Third District Court of Appeal

**State of Florida**

Opinion filed June 28, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1928
Lower Tribunal No. 15-2268
_____

**Luis Portal and Unlimited Check Cashing, Corp.,**
Appellants,

vs.

**WRI JT Tamiami Trail, LP,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Jesus O. Cervantes, for appellants.

GrayRobinson and Kristie Hatcher-Bolin (Lakeland); Shuham & Shuham and Martin J. Shuham (Hollywood), for appellee.

Before SUAREZ, C.J., and SALTER and FERNANDEZ, JJ.

PER CURIAM.

Defendants, Luis Portal and Unlimited Check Cashing, Corp., appeal a final judgment against them, jointly and severally, as guarantor and tenant under a commercial real estate lease. Following a non-jury trial, the circuit court entered findings in favor of the plaintiff/landlord, WRI JT Tamiami Trail, LP, for $215,272.92. That total amount included both unpaid past rent and approximately 15 months in future rent anticipated to accrue between trial (June 26, 2016) and the expiration date of the lease (September 30, 2017).

The appellants raise numerous claims of error, but only one topic—the inclusion of future monthly rent accruals in the final judgment—warrants discussion. The trial court's findings of fact regarding: the tenant's default in payment of rent in September 2014 and thereafter; the tenant's abandonment of the property three months later; the landlord's elections to re-take possession of the leased premises for the account of the tenant and to accelerate future rental payments;[1] and the landlord's reasonable efforts to mitigate damages in accordance with the lease by attempting to re-let the property, are all clothed with the presumption of correctness and will not be disturbed absent a showing of clear error. Covelli Family, L.P. v. ABG5, L.L.C., 977 So. 2d 749, 752 (Fla. 4th DCA 2008); section 59.041, Florida Statutes (2016). No such showing has been made in the present case.

---

[1] See Boulevard Shoppes, A.B. v. Pro-1 Realty, Inc., 605 So. 2d 1317 (Fla. 4th DCA 1992).

The issue requiring a very narrow reversal and remand involves the 15 months of future rent computed by the landlord and admitted into evidence as plaintiff's exhibit 6. The exhibit was a spreadsheet listing each month of default, the rent and other sums due, and a cumulative total. It also listed the anticipated post-trial accrual of those defaulted amounts, discounting them to "net present value" in a separate column. That is the correct computation. Vibrant Video, Inc. v. Dixie Pointe Assocs., 567 So. 2d 1003, 1004 (Fla. 3d DCA 1990). However, the discounted total for those 15 months was not the figure added to the pre-trial defaulted rent to produce the judgment amount; through some error, the undiscounted value for unpaid rent for those 15 months was added. This difference, approximately $4,000.00, must be subtracted from the judgment amount carried from exhibit 6 into the final judgment.

Second, the reservation of jurisdiction in the final judgment should have allowed the tenant and guarantor to provide mitigation evidence, as contemplated by the lease, if there is a showing that the landlord has retaken possession, re-let the premises, and received rent during those 15 post-trial months. Quintero-Chadid Corp. v. Gersten, 582 So. 2d 685, 689 (Fla. 3d DCA 1991). No such proffer has been made in the record before us, and we express no present opinion regarding the merits of such a claim if one is subsequently asserted.

For these reasons, we affirm substantially all of the findings of fact in the final judgment, but we reverse and remand for the limited purpose of allowing the trial court to conform the final judgment to the discounted value of the post-trial rent, per plaintiff's exhibit six, rather than the undiscounted total actually included in the final judgment. We also direct on remand that the trial court reserve jurisdiction to hear and determine any claim by the appellants that the landlord has failed to mitigate damages under the specific provisions of the subject lease between the June 26, 2016, jury trial and September 30, 2017. Any such reservation shall not preclude enforcement of the amended final judgment pending the assertion and determination of such a claim by the guarantor or tenant.[2]

Affirmed in part, reversed in limited part, and remanded with instructions.

---

[2] Such a reservation of jurisdiction is not an instruction or suggestion that discovery should be re-opened to permit the judgment debtors to explore mitigation, absent a preliminary determination that the landlord has re-taken possession and re-let the premises before the expiration of the subject lease (September 30, 2017).