Merrimack, }
June, 1897. }

## ENGEL v. BROWN.

When part payment is relied upon as proof of a new promise to avoid the bar of the statute of limitations, the evidence should show that it was made understandingly on account of a greater debt, to warrant the inference that the debtor, by the payment, intended to acknowledge the existence of the debt and his willingness to pay it.

ASSUMPSIT, upon a promissory note signed by the defendant, dated January 20, 1872, payable six months after date with annual interest. The writ was dated September 13, 1895. Plea, the statute of limitations. Replication, a new promise within six years. Facts found by a referee.

Certain items of credit were indorsed upon the note and an allonge until 1884, when the note was stolen. The plaintiff kept a book of account of the note and all payments thereon, and minuted therein all credits after the note was stolen. At the time of the first item of credit, the defendant, being unable to pay cash, did some teaming for the plaintiff and delivered to him a thousand feet of boards. This was indorsed on the note by the plaintiff, with the defendant's knowledge. The defendant was informed of all indorsements on the note, allonge, and account book by the plaintiff, who told him the sums were credited upon his "account." The note in suit was the only indebtedness from the defendant to the plaintiff, and the defendant was not misled by the use of that term. The only contention was as to the sufficiency of the evidence to prove a new promise in November, 1889. Further facts appear in the opinion.

*Streeter, Walker & Hollis*, for the plaintiff.

*Albin, Martin & Howe*, for the defendant.

PARSONS, J. To avoid the bar of the statute of limitations pleaded in defence of the plaintiff's suit upon the defendant's

promissory note, a referee finds that the defendant, after re-
fusing to pay the note under threat of suit, permitted the plain-
tiff to take for application on the note nine cords of wood at a
price two and one half times its value. The plaintiff cut and
measured the wood, and having informed the defendant of its
amount, told him he had credited it to him on his account. The
plaintiff replied: "Well, all right." The defendant did not
expect payment for the wood otherwise than as it might be ap-
plied on the plaintiff's claim. Upon this evidence the defend-
ant's motion for a nonsuit was denied, and the referee found a
new promise by the defendant. Can a new promise be found
from the evidence? "Such promise need not be expressed; it
may be implied. The inference that the defendant, within six
years prior to the date of the writ, made such new promise,
may be drawn from such declarations made, or acts done (includ-
ing silence under some circumstances), at a particular time with-
in the six years, as show his acknowledgment at that time that
the debt was unpaid, that he was liable to pay it, and that he was
then willing to pay it." *Brown* v. *Latham*, 58 N. H. 30, 34.

"An acknowledgment, in order to take a case out of the stat-
ute, must contain an unqualified admission of a previous subsist-
ing debt which the party is liable and willing to pay." *Gage* v.
*Dudley*, 64 N. H. 271, 275; *Holt* v. *Gage*, 60 N. H. 536, 541;
*Stowell* v. *Fowler*, 59 N. H. 585; *Ventris* v. *Shaw*, 14 N. H. 422,
425; *Douglas* v. *Elkins*, 28 N. H. 26, 33; *Manning* v. *Wheeler;* 13
N. H. 486; *Blair* v. *Drew*, 6 N. H. 235, 247.

"Mere payment is not such an acknowledgment. It must ap-
pear that the payment was a partial one, leaving a part of the
debt unpaid, and that the debtor so understood it. If this does
not appear, the payment does not show his acknowledgment of
his liability and willingness to make another payment." *Brown* v.
*Latham, supra.* "The efficiency of a payment to avert the effect
of the statute of limitations as a bar, rests in the conscious and
voluntary act of the debtor, explainable only as a recognition and
confession of the existing liability." *Lang* v. *Gage*, 65 N. H.
173, 174.

It is suggested that there is a conflict between the two cases
cited and earlier decisions of the court, but no such conflict
exists. The later cases are illustrations of the principles laid
down in the earlier. In *Whipple* v. *Stevens*, 22 N. H. 219, it is
said a part payment of a debt (a promissory note) amounts to an
acknowledgment of a present subsisting debt which the party is
liable and willing to pay, from which, in the absence of any act
or declaration on the part of the party making the payment in-
consistent with the idea of a liability and willingness to pay, a
jury may and ought to infer a new promise, citing *Exeter
Bank* v. *Sullivan*, 6 N. H. 124, where it is said that payment in

part is in general considered as amounting to an acknowledgment of a subsisting debt which the party is liable and willing to pay; while in *Jones* v. *Jones*, 21 N. H. 219, 222, citing the same authority, substantially the same language is used, that from the part payment of a larger debt the jury ought to find a new promise if "there be nothing to qualify the evidence." In these cases and in *Wheeler* v. *Robinson*, 50 N. H. 303, the payment relied upon was admittedly made as part of a larger debt, and in the language of *Ladd*, J., in the latter case, part payment "was sufficient, in the absence of anything to contradict or control it, to show a new promise." This is the rule laid down in *Brown* v. *Latham* and *Lang* v. *Gage*. The essential fact is that the payment be made by the debtor as a part payment of a greater debt. For "the principle on which part payment takes a case out of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due. If it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment." *United States* v. *Wilder*, 13 Wall. 254, 256. Hence, a payment not made by the debtor on account of his personal liability was held in *Lang* v. *Gage* not to furnish evidence of an acknowledgment of such personal liability. The payment must be partial on account of a greater debt, to lead to the inference that the debtor by such payment admits the greater debt to be subsisting; the payment of a sum of money, without more, is evidence only that the person receiving it had a claim to that extent against the party paying it. *Livermore* v. *Rand*, 26 N. H. 85. The only ground upon which a new promise to pay the balance of the debt can be inferred from the payment of a part, is that the payment in part is an acknowledgment of a present subsisting debt, a part of which remains unpaid after the payment. No different rule applies to the implication of a new promise from the debtor's acts in the payment than applies to a verbal admission. It must appear that the party making the payment intended by it to acknowledge and admit the greater debt to be due. *Lang* v. *Gage, supra.*

It is not the part payment which takes the case out of the statute, but the new promise of which it may be evidence; therefore payment of a part is not enough unless it is made under such circumstances that a promise to pay the remainder may reasonably be inferred from it. *Brown* v. *Latham, supra; Wainman* v. *Kynman*, 1 Exch. 118; *Tippetts* v. *Heane*, 1 C. M. & R. 252.

An express new promise may be limited by conditions introduced into it. *Stowell* v. *Fowler*, 59 N. H. 585; *Betton* v. *Cutts*, 11 N. H. 170, 174. An acknowledgment as evidence of a new promise may be qualified in the same way (*Dodge* v. *Leavitt*, 59

N. H. 245), and the effect of a part payment as evidence from which a new promise may or must be inferred may be limited or controlled in like manner. It is only when the payment appears to have been made understandingly by the debtor as part of a greater debt, that the inference arises that the debtor intended to admit the existence of the debt and his willingness to pay from which the implication of a new promise necessarily follows; and this inference and implication result, as matter of law, only when there is no evidence of acts, declarations, or circumstances tending to qualify, control, or contradict the inference as matter of fact.

It is clear that the present case is not one in which the inference of a new promise is of necessity deducible from the evidence of payment, for the facts found are not inconsistent with an intention merely to avoid litigation upon a claim believed by the debtor to be unfounded. But if the debtor, in permitting the plaintiff to take the wood, intended to make and understood he was making a part payment upon a greater debt valid and subsisting against him, the inference of a new promise would follow. Whether the debtor understood the transaction the one way or the other was a question of fact; and taking into consideration the evidence of the manner in which prior payments were made and the finding of the referee that the debtor did not expect payment for the wood except as applied upon the plaintiff's claim, we cannot say that reasonable men would not differ in the conclusion to be drawn therefrom. The referee finds a new promise, if from the facts reported a new promise can be implied. As the facts are not so inconsistent with such implication that such a finding must be set aside as against the evidence, the report is a finding that such promise was made. Upon this point the referee's finding of fact is conclusive. That the payment was in wood instead of cash, if so made by agreement between the parties, is immaterial. *Hart* v. *Nash,* 2 C. M. & R. 337; *Hooper* v. *Stephens,* 4 A. & E. 71. The fact that the wood was agreed to be reckoned at an exorbitant price bears only as evidence upon the question which the referee has found.

*Judgment for the plaintiff.*

All concurred.