MERRIMACK LOAN COMPANY, INC. *v.* GEORGE THEODOROU.

*Ora W. Craig* (by brief and orally), for the plaintiff.

*Richard F. Upton* and *Robert W. Upton* (*Mr. Richard F. Upton* orally), for the defendant.

MARBLE, J. On August 6, 1930, the defendant obtained a loan from the plaintiff, who held a license from the bank commissioner to make small loans in accordance with the provisions of section 1 of chapter 269 of the Public Laws. The loan was evidenced by a promissory note for three hundred dollars, payable in monthly installments of thirty dollars, with interest at the rate of three per cent a month. This note was signed by the defendant and his brother, Louis Theodorou. The present action was commenced on September 11, 1939. After January 12, 1932, the defendant made no payment on the loan or otherwise acknowledged his indebtedness unless a payment of ten dollars made by Louis Theodorou on September 24, 1934, can be found on the evidence to constitute a payment by the defendant.

It is the rule in this jurisdiction that a partial payment constituting an acknowledgment of the debt made by one of two joint debtors binds only the debtor who makes the payment and does not suspend the running of the statute in favor of the other debtor. *Exeter Bank* v. *Sullivan*, 6 N. H. 124, 137; *Kenniston* v. *Avery*, 16 N. H. 117, 118;

*Whipple* v. *Stevens*, 22 N. H. 219, 226, 227; *Tappan* v. *Kimball*, 30 N. H. 136, 141; *Meredith &c. Bank* v. *Ladd*, 40 N. H. 459, 468.

The plaintiff does not question the soundness of this rule but contends that the evidence warrants a finding that the payment in 1934 was made by Louis Theodorou for the defendant and with the defendant's knowledge and authorization.

The defendant testified that Louis Theodorou was the recipient of the proceeds of the loan and that he (the defendant) had signed the note merely for his brother's accommodation and had never made or offered to make any payments on it. This the plaintiff denied. Louis Theodorou did not testify.

The plaintiff's treasurer testified that he "got after" Louis on account of this indebtedness and threatened "to take legal action" against George, the defendant, who was then working at the Salem race track; that Louis said he would "see George and have a talk with him," and that later Louis "came in and made a payment of $10," telling the treasurer that "he was going to pay every week" so that no legal action would be taken.

Any inference from this testimony that the defendant authorized Louis, who was himself liable on the note, to make the ten-dollar payment or to promise future payments would be conjectural. It is true that the defendant on being asked the question, "Anybody pay any money at your request or at your direction?" answered: "Really I don't know, I never paid myself anything." But this question was a general one with no specific reference to the payment of 1934. Small monthly payments had been made with substantial regularity down to January 12, 1932. Hence, even if the answer justified a finding that the defendant had at some time directed Louis to make a payment on the note, it could not fairly be found from that fact that any particular payment had been authorized.

At the time Louis made the ten-dollar payment he was indebted to the plaintiff for the balance due on a loan of $100 made to him on December 23, 1930. Plaintiff's counsel contends that it is improbable that Louis would have made a payment with his own money on the joint note when he was liable to the plaintiff for the balance due on this other indebtedness. The plaintiff excepted to the ruling of the court excluding a record card showing the complete details of this latter transaction.

In answer to counsel's contention it may be suggested that inasmuch as the plaintiff had "got after" Louis because payments on the joint note were not being made, Louis was quite as likely to have

made a payment on that note as on the other indebtedness. The record card which the Presiding Justice excluded was marked for identification and is before us. It shows merely the date and amount of the loan and the dates and amounts of the various payments made. As defendant's counsel assert, it fails utterly to supply the fatal defect in the other evidence. Its exclusion did not constitute error.

"The party relying on a payment to stop the statute must not only establish that it was made, but made by the authority of the defendant." *Regan* v. *Williams*, 185 Mo. 620, 631. Since the plaintiff has not sustained this burden, it is unnecessary to consider the defendant's contention that the plaintiff's computation of interest on the loan in question was in violation of the provisions of chapter 269 of the Public Laws.

*Judgment for the defendant.*

All concurred.