Hillsborough
No. 7969

## GENERAL THERAPHYSICAL, INC.

v.

## PAUL L. DUPUIS

April 25, 1978

*Rinden Professional Association*, of Concord (*Joseph L. Hamilton* orally), for the plaintiff.

*Emile R. Bussiere* and *Richard J. Walsh*, of Manchester (*Richard J. Walsh* orally) for the defendant.

GRIMES, J.   The issue in this case is whether the statute of limitations bars plaintiff's action to recover the balance due on an installment contract.

Plaintiff by writ dated December 13, 1976, brought suit in assumpsit against the defendant and alleged that the defendant on August 25, 1970, by written instrument leased from the plaintiff certain goods, that he made monthly payments through November 1971, and that he then defaulted. Plaintiff attached a copy of the lease agreement and a copy of its account. The copy of the account showed the payments made and a balance due of $3,398.14 including collection fees.

Defendant filed a motion to dismiss on the ground that the action was barred by the six-year statute of limitations and alleged that no payments had been made by him on the obligation. Defendant filed an affidavit in which he stated "at no time did I ever make payments to the plaintiff on the obligation evidenced by the contract dated August 25, 1970. . . ." *DiClerico*, J., granted the motion to dismiss on April 5, 1977, and transferred plaintiff's exception.

The written instrument shows that the goods leased consisted of certain exercise, massage, and sauna equipment. It was stated at oral argument that the lease was obtained by defendant on behalf of a third person who could not obtain credit in his own name and that the payments shown on plaintiff's records were made by the third person. Those records, a copy of which was filed with the writ, showed payments for November, December, and January, a payment in June in the amount of $422.87 for the months of February through August 1971, a payment in July 1971 of $362.64, and a last payment on July 6, 1972, for October and November 1971.

The lease provided for payments over a period of sixty months from September 1970 and also provided that "Lessee agrees that upon Lessee's breach of this Agreement, Lessee shall immediately pay to Lessor all damages which Lessor has sustained or will sustain by virtue of such breach, which damages are hereby agreed to be and

shall be the total amount of all lease payments for the full term of the lease, less the lease payments theretofore paid."

It appears to be the universal rule that when an obligation is to be paid in installments the statute of limitations runs only against each installment as it becomes due even though the creditor has the option to declare the whole sum due on default of an installment, unless he exercises that option. *Barron v. Boynton*, 137 Me. 69, 15 A.2d 191 (1940); *Toomey v. Cammach*, 345 A.2d 453 (D.C. Ct. App. 1975); *Pa. Turnpike Comm'n v. Atlantic Richfield Co.*, 375 A.2d 890 (Pa. Commw. Ct. 1977); 51 Am. Jur. 2d *Limitation of Action* 133 (1970); 54 C.J.S. *Limitation of Action* 156 (1948); Annot., 82 A.L.R. 316 (1933).

The acceleration clause in this agreement is of the kind which we have construed not to operate automatically but rather requires the creditor to exercise his option before it becomes effective. *Fuller Enterprises v. Manchester Sav. Bank*, 102 N.H. 117, 152 A.2d 179 (1959). The plaintiff did not exercise this option to claim the full amount to be due until February 26, 1973, which was well within the six-year limitations.

*Roberts v. Richard & Sons, Inc.*, 113 N.H. 154, 304 A.2d 364 (1973), relied on by defendant, is not relevant here. That case involved the question whether a cause of action for breach of contract arises at the time of the breach or at the time the damage occurred. No such issue exists in this case. Because the statute of limitations does not begin to run against an installment until it becomes due, the claim on the installments which came due during the six years prior to the bringing of the action is not barred.

Defendant argues that because there was no evidence to rebut his affidavit that he made no payments, the running of the statute was not tolled and the action was barred. However, plaintiff is not claiming any of the installments which came due up to and including November 1971. Plaintiff is claiming only those payments coming due after that time. These payments all fall within the six-year period of limitations and are not barred, and therefore no tolling is necessary. Because no tolling is necessary we need not consider whether under the circumstances of this case payments made by the third person would act to toll the statute as to defendant. *See Merrimack Loan Co. v. Theodorou*, 91 N.H. 487, 22 A.2d 855 (1941). In that case, although payment was to be in installments, all installments had come due more than six years before the bringing of suit.

The affidavit filed by the defendant that he made no payments is irrelevant on the statute of limitations issue, but could be relevant on the merits.

*Exception sustained; remanded.*

BOIS, J., did not participate in the decision of this case; the others concurred.