Strafford
No. 85-553

DANIEL MATHENA, AS ADM'R OF THE ESTATE OF
CHARLES MATHENA

v.

GRANITE STATE INSURANCE COMPANY

April 3, 1987

*Fisher, Moran, Willoughby & Clancy*, of Dover (*Ronald B. Willoughby* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the defendant.

BROCK, C.J. This is an appeal from a ruling by the Superior Court (*Nadeau*, J.) on a petition for declaratory judgment. The court ruled that Granite State Insurance Company (Granite State) must provide uninsured motorist coverage only to the extent required by the uninsured motorist limits of its policy, and not to the extent required by RSA 264:15.

In the spring of 1983, Charles Mathena, who was then a resident of Maine, and Nancy Stillwagon purchased a house in Milton, New Hampshire. In June 1983, using his Maine address, Mathena insured a 1978 Plymouth Volare automobile with Granite State through its agent, Garnsey Brothers of Sanford, Maine. The policy provided both liability coverage with limits of $100,000/$300,000, *i.e.*, coverage up to $100,000 per person up to a total of $300,000 per accident, and uninsured motorist coverage with limits of $20,000 and $40,000. The latter coverage was in the minimum amounts required by Maine law. *See* ME. REV. STAT. ANN. tit. 24-A, § 2902 (Supp. 1985); tit. 29, § 787(1) (1978).

Around September 1 of that year, Mathena moved into the Milton house. On October 28, Mathena and Stillwagon purchased a 1983 Plymouth Scamp from Poulin Corporation (Rochester Chrysler-Plymouth) of Rochester, New Hampshire. At some point, a Poulin agent contacted the Maine insurance agent in reference to the change in the vehicle to be covered under the policy. The insurance agent knew that Poulin was a New Hampshire dealer, but nothing in the record on appeal indicates that the insurance agent was told of the change in Mathena's residence. On November 4, a collision occurred in which Mathena, Stillwagon, Stillwagon's daughter, and the uninsured driver of the other car were killed. On November 17, Granite State mailed the amended policy cover sheet to Mathena's old Maine address.

The administrator of Mathena's estate subsequently filed a petition for declaratory judgment seeking a determination that Granite State must provide uninsured motorist coverage in the amount required by the State of New Hampshire; *i.e.*, up to the liability limits of the policy. Additionally, the administrator sought costs and attorney's fees.

RSA 264:15, I, provides that

"[n]o policy shall be issued or delivered in this state, . . . with respect to a vehicle registered in this state unless coverage is provided therein or supplemental thereto at least in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles, and hit-and-run vehicles because of bodily injury, sickness or disease, including death resulting therefrom. When an insured elects to purchase liability insurance in an amount greater than the minimum coverage required by RSA 259:61, his uninsured motorist coverage shall automatically be equal to the liability coverage elected."

The court below ruled that the statute was not applicable by its terms to the policy at issue here because it was neither issued nor delivered in New Hampshire, and that notice of the purchase of a vehicle in New Hampshire and a request to substitute that vehicle for the automobile insured originally was insufficient to make the provisions of RSA 264:15 applicable. While we conclude that the trial court reached the correct result, we affirm on the basis of slightly different reasoning.

A threshold issue prior to consideration of the question of whether the statute by its terms applies to this case is whether New Hampshire law is even abstractly applicable here. In other words, the first issue we must decide is that of choice of law.

In *Consolidated Mutual Insurance Co. v. Radio Foods Corp.*, 108 N.H. 494, 496–97, 240 A.2d 47, 49 (1968), we held that

"in the absence of an express choice of law validly made by the parties, the contract is to be governed, both as to validity and performance, by the law of the state with which the contract has its most significant relationship. . . . 'The principal location of the insured risk is the contact that is given the greatest weight in determining the state whose local law is to govern . . . the rights created thereby.' "

(quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 346i comment *a*, at 121 (Tent. Draft No. 6, 1960)). In this instance, the policy was originally issued in Maine and covered a Maine resident's vehicle which was registered in Maine. There is no indication from the record on appeal that Granite State was ever informed of Mathena's change of residency or that it ever had knowledge that the locus of the risk had changed.

■■ The substitution of a vehicle purchased and registered in New Hampshire for the original vehicle did not constitute actual or constructive notice to the insurer of the change in the principal location of the risk. Therefore, Maine law was properly applicable to the insurance policy at issue. While the court below made no finding regarding whether the policy complied with Maine law as to minimum uninsured motorist coverage, the court did make a finding as to what the limits were; *i.e.*, limits of $20,000 and $40,000. These amounts satisfy the Maine statutory minimums, *see* ME. REV. STAT. ANN. tit. 24-A, § 2902 (Supp. 1985), tit. 29, § 787(1) (1978), and thus Maine law was complied with in this instance. Finally, the administrator's argument that Granite State intended that the law of other jurisdictions would be applicable in certain instances, while true, is irrelevant in this case. The provisions of the policy cited by the administrator in support of his argument refer to liability coverage, not uninsured motorist coverage, and to arbitration in the event of a dispute over coverage or damages. Neither provision is applicable to this case.

We have no occasion to consider whether RSA 264:15, I, is applicable by its terms to the facts of this case. We affirm the decision of the court below on this separate ground.

*Affirmed.*

THAYER, J., did not sit; the others concurred.