Grafton
No. 98-047

TAYLOR SOPER

v.

LINDA PURDY

October 28, 1999

*Cleveland, Waters and Bass, P.A.*, of Concord (*David W. Rayment* and *William B. Pribis* on the brief, and *Mr. Rayment* orally), for the plaintiff.

*Daschbach, Cooper & Hotchkiss, P.A.*, of Lebanon (*Joseph F. Daschbach* on the brief, and *Deborah J. Cooper* orally), for the defendant.

JOHNSON, J. The plaintiff, Taylor Soper, appeals the decision of the Superior Court (*Fitzgerald*, J.) denying his motion for summary

judgment, partially granting defendant Linda Purdy's cross-motion for summary judgment, and dismissing his assumpsit claim against the defendant. The plaintiff also appeals the decision of the Superior Court (*Smith*, J.) entering judgment in favor of the defendant in the plaintiff's quantum meruit claim. We reverse in part, affirm in part, vacate in part, and remand.

The record reveals the following undisputed facts. In April 1989, the plaintiff and the defendant executed a sales agreement (first sales agreement) memorializing the terms under which the plaintiff agreed to sell five cows to the defendant. The first sales agreement stated: "In return for purchase of five heifers identified below, I, Linda [Purdy], agree to pay Taylor Soper the sum of $23,343 by June 1, 1989. Any outstanding balance after that date will be financed at 11% simple interest." The defendant failed to pay the purchase price by June 1, 1989, and, despite periodic discussions about the outstanding debt with the plaintiff during the next four years, had not paid the amount owed by the fall of 1994. In October 1994, the parties signed another "sales agreement" (second sales agreement) stating:

> In return for purchase of five heifers identified below, I, Linda [Purdy], agreed to pay to Taylor Soper the sum of $23,343 by June 1, 1989. Any outstanding balance after that time incurred interest at 11% per year, unpaid interest to be added to the principal amount owed. Effective July 1, 1994 the interest rate on the principal will be charged at 8% per year. Any unpaid interest will continue to be added to the principal amount owed.

The defendant made no further payments after the second agreement was signed. Consequently, the plaintiff filed suit in June 1996, seeking relief under an assumpsit theory and in quantum meruit. The defendant argued that the assumpsit action was barred by the applicable statute of limitations, *see* RSA 508:4 (1997), and that the quantum meruit claim was barred by the doctrine of laches, *see generally In re Estate of Laura*, 141 N.H. 628, 635, 690 A.2d 1011, 1016 (1997). The superior court partially granted the defendant's cross-motion for summary judgment and dismissed the assumpsit claim. After a subsequent hearing on the merits on the quantum meruit claim, the superior court held that the plaintiff's claim was barred by laches. This appeal followed.

*I. Motion for Summary Judgment*

The plaintiff first contends that the trial court erred in granting the defendant's cross-motion for summary judgment. We agree. "A motion for summary judgment may be granted only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law." *Goss v. City of Manchester*, 140 N.H. 449, 450-51, 669 A.2d 785, 786 (1995) (quotation omitted). In determining whether summary judgment is appropriate, we consider the affidavits and other evidence submitted below, and any reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *See Gould v. George Brox, Inc.*, 137 N.H. 85, 87-88, 623 A.2d 1325, 1327 (1993).

The trial court held that the defendant was entitled to judgment as a matter of law because pursuant to the standard set forth in *Levensaler v. Batchelder*, 84 N.H. 192, 194, 150 A. 114, 115 (1929), the second sales agreement did not contain a clear admission by the defendant of her willingness to repay the debt. The court reasoned, therefore, that because the plaintiff filed the assumpsit claim approximately seven years after the debt became due, the claim was barred by the three-year statute of limitations.

In *Levensaler*, we stated that the statute of limitations will not act to bar an action on a debt where there is

> a direct and unqualified admission by a debtor within the statutory period prior to the commencement of the action, of a subsisting debt which he is liable and willing to pay, [and that this promise] is sufficient evidence of a new promise which will prevent the statute from operating as a bar to a recovery of the debt.

*Levensaler*, 84 N.H. at 194, 150 A. at 115. The admission itself does not take the action out of the statute of limitations; rather, it is the new promise that may be inferred from that admission that removes the bar. *See id.* The new promise, therefore, need not be express, but may be implied. *See Engel v. Brown*, 69 N.H. 183, 184, 45 A. 402, 402 (1897). Thus "the conduct of the debtor must be such as to justify an inference that a new promise was made and the inference must actually be drawn by the trier of facts before the bar of the statute will be overcome." *Levensaler*, 84 N.H. at 194, 150 A. at 115. However,

> [i]f there be accompanying circumstances, which repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading

to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways; we think they ought not to go to a jury as evidence of a new promise to revive the cause of action.

*Shepherd v. Thompson*, 122 U.S. 231, 237 (1887) (quotation omitted).

■ We hold that the trial court erred when it determined as a matter of law that in the second sales agreement the defendant did not "admit she owed the debt incurred, or that she was willing to pay as required under the earlier contract." The trial court correctly identified the first sentence of that agreement as a mere acknowledgment of the prior debt which, by itself, is insufficient to warrant the inference that a new promise has been made. *See id.* (if new promise is to be inferred from an acknowledgment of an old debt, there must be a direct recognition that debtor is still willing to pay old debt). The last sentence of the agreement, however, declares that "[a]ny unpaid interest will continue to be added to the principal amount *owed*." (Emphasis added.) We conclude that this sentence in the agreement constitutes a sufficient statement from which a fact finder could find not only that the debt is presently "owed," but also that there is a continuing obligation to satisfy the debt.

The defendant argues that because the second sales agreement does not include a phrase such as "I will pay Taylor Soper $23,343," there is no clear and direct promise to pay that justifies submission of the case to a jury. We do not require such express terms. *See, e.g., Levensaler*, 84 N.H. at 194, 150 A. at 115. What is required is that the agreement contain "terms from which an unqualified promise to pay [the debt] is to be implied." *Shepherd*, 122 U.S. at 238 (quotation omitted). The defendant's agreement that any unpaid interest would continue to be added to "the principal amount owed" implies a recognition of a continuing obligation under the first sales agreement and a willingness to pay. If we were to conclude otherwise, there would be no principal sum to which the new interest would be added. Accordingly, the trial court erred when it held that as a matter of law, one could not fairly assume there was a new promise to pay, and we reverse its order granting the defendant's cross-motion for summary judgment.

■ The plaintiff also contends that the trial court erred in denying his motion for summary judgment because, as a matter of law, he was entitled to a ruling that the second sales agreement removed the statute of limitations as a bar to his action. Although the trial court erred in ruling that the second sales agreement, by

its terms, was insufficient to revive the debt, when we view the record in a light most favorable to the defendant, issues of material fact remain which preclude granting the motion in favor of the plaintiff. *See generally Dwire v. Sullivan*, 138 N.H. 428, 430, 642 A.2d 1359, 1360 (1994). Specifically, while the defendant, in her affidavit, does not contest that she signed the second sales agreement, she disputes its meaning and her intent at its execution. Additionally, the plaintiff submitted evidence of conversations between the parties that belie this claimed intent. The debtor's understanding regarding the meaning of an agreement purported to be a reaffirmation is a question of fact. *See Engel*, 69 N.H. at 186, 45 A. at 403. Therefore, summary judgment in favor of the plaintiff is inappropriate because the parties continue to disagree about a material fact, the parties' intent at the time the second sales agreement was executed. Thus, we affirm the trial court's denial of the plaintiff's motion for summary judgment. *Cf. Mathena v. Granite State Ins. Co.*, 129 N.H. 249, 251, 525 A.2d 284, 285 (1987) (concluding that trial court reached the proper result, but affirming on a different basis).

*II. Quantum Meruit Claim*

The plaintiff also contends that the trial court erred in ruling that his quantum meruit claim was barred by the doctrine of laches. That determination, however, was made after the superior court already had ruled that the plaintiff's assumpsit claim was barred by the applicable statute of limitations and that the second sales agreement was not a reaffirmation of the defendant's debt. "The propriety of applying laches hinges upon the particular facts of each case." *Healey v. Town of New Durham*, 140 N.H. 232, 241, 665 A.2d 360, 368 (1995). Because we have determined that it was improper for the trial court to grant summary judgment in the plaintiff's assumpsit claim and are remanding for a determination of whether the second sales agreement was in fact a reaffirmation of the debt, it would be imprudent and speculative to address a quantum meruit claim at this time. *Cf. Galloway v. Chicago-Soft*, 142 N.H. 752, 758-59, 713 A.2d 982, 986 (1998). Accordingly, we vacate the court's ruling regarding the plaintiff's quantum meruit claim and remand for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part; vacated in part; remanded.*

All concurred.