Merrimack
No. 2004-253

A&B LUMBER COMPANY, LLC

v.

GEORGE VRUSHO & a.

Argued: January 12, 2005
Opinion Issued: February 24, 2005

*Hinckley, Allen & Snyder LLP*, of Concord (*Christopher H. M. Carter* on the brief and orally), for the plaintiff.

*Law Office of Joshua L. Gordon*, of Concord (*Joshua L. Gordon* on the brief and orally), for the defendants.

GALWAY, J. The defendants, George and Beverly Vrusho, appeal an order of the Superior Court (*McGuire*, J.) denying their motion for summary judgment on a claim of unjust enrichment brought by the plaintiff, A&B Lumber Company, LLC. We reverse.

The trial court found the following facts, which were not contested on appeal. The defendants own twenty-eight acres in Northwood. Their son, Paul, lives on the property, where he operates and maintains a horse farm. The defendants live in Massachusetts. In May 1995, Paul entered into a contract with the plaintiff to build a barn and riding arena on the property. Under the terms of the contract, Paul agreed to pay a principal sum of $139,820 with 9% interest in six monthly installments, the last of which was due in May 1996.

The plaintiff supplied the materials and services, but Paul did not make any payments on the contract. In April 1997, the plaintiff sued Paul to recover on the contract. The plaintiff and Paul then entered into a stipulated judgment in favor of the plaintiff in the amount of $145,000 with 8% interest. Paul subsequently made no payments. The plaintiff then entered into another stipulation with Paul in June 2000, in which Paul acknowledged his now $210,000 debt. Again, Paul failed to satisfy his debt, and in May 2003, the plaintiff sued the defendants for unjust enrichment.

The defendants filed a pre-trial motion for summary judgment on the ground that the plaintiff's unjust enrichment claim was time-barred because it was brought more than six years after the April 1997 breach. *See* RSA 508:4, I (1997). The trial court found, however, that Paul's June 2000 promise to pay tolled the statute of limitations on the plaintiff's action against the defendants and rendered the action timely.

We review the trial court's application of the law to the facts *de novo*. *Marikar v. Peerless Ins. Co.*, 151 N.H. 395, 397 (2004).

The sole question before us is whether Paul's promise to pay the plaintiff in June 2000 tolled the statute of limitations on the plaintiff's unjust enrichment claim against the defendants. We conclude that it did not.

■ Under New Hampshire law, a contract claim must be brought within three years of the contract's breach. *See Coyle v. Battles*, 147 N.H. 98, 100 (2001); *see also* RSA 508:4, I. The statute of limitations period may be tolled, however, by a party's acknowledgement of a subsisting debt with an admission that the party is liable and willing to pay. *Exeter Bank v. Sullivan*, 6 N.H. 124, 134 (1833). "To toll the limitations period, an acknowledgment of debt must be more than a recognition of debt; it must be an admission of liability for an unpaid debt that the party is then willing to pay." *Premier Capital v. Gallagher*, 144 N.H. 284, 287 (1999). Specifically, the admission must be direct and unqualified. *Soper v. Purdy*, 144 N.H. 268, 270 (1999). "[A]wareness [of a debt] does not constitute an acknowledgment of an existing debt and a willingness to pay." *Gallagher*, 144 N.H. at 287.

■ The plaintiff argues that if a contract action against Paul would be timely because of his renewed promises to pay, then its unjust enrichment action against the defendants is also timely because this action is based upon the same contract. We disagree. A new promise is only good as to the maker. *See id.* at 286-87. We have held that "[a] *maker*'s payments or acknowledgments of liability indicating a willingness to pay the debt" can toll the statute of limitations on an action against the *maker* but not against a guarantor of the debt. *See Gallagher*, 144 N.H. at 286-87 (emphasis added). Where there are joint debtors, we have held that an acknowledgment of the debt made by one binds only that debtor and does not suspend the running of the statute in favor of the other debtor. *Merrimack Loan Co. v. Theodorou*, 91 N.H. 487, 487 (1941).

■ In this case, it is undisputed that the defendants never expressly or impliedly promised to pay the plaintiff. It is also undisputed that the defendants were not parties to the original contract between the plaintiff and Paul or any subsequent stipulations. The plaintiff does not allege that the defendants communicated anything to the plaintiff that would amount to a promise to pay. Moreover, the plaintiff does not argue, and the record does not show, that Paul was the defendants' agent. Where the law does not permit the acknowledgment of a maker or a joint debtor to bind other obligors upon the same debt, *see Gallagher*, 144 N.H. at 286-87; *see also Theodorou*, 91 N.H. at 487, there is no basis to hold that Paul's actions bound the defendants.

■ The plaintiff contends that the statute of limitations is tolled on the unjust enrichment claim against the defendants in part because the claim

was "based on benefits the [d]efendants accepted, and continued to accept" from the contract. The plaintiff argues that tolling is required because the contract with Paul increased the value of the defendants' property.

Mere receipt of the benefits of a contract does not suffice. What is required is an admission of liability and a willingness to pay. *See Soper*, 144 N.H. at 270. Here, even if the defendants were aware of Paul's debt, they did nothing to admit that they were liable for it and were willing to pay it. Accordingly, the plaintiff's claim was untimely.

*Reversed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.