# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0055, <u>Craig Lange v. Timothy Vogel & a.</u>, the court on October 29, 2018, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Craig Lange (landlord), appeals an order of the Circuit Court (<u>Lemire</u>, J.) dismissing his small claim against the defendants, Timothy Vogel, Daniel Tauriello, Kelsey Quinn, and Alyssa O'Donnell (tenants), as barred by the statute of limitations. <u>See</u> RSA 508:4 (2010). He contends that: (1) the rent arrears he was seeking pursuant to his alleged lease with the tenants were not due until after the date on which the trial court found that the statute of limitations began to run; (2) he could not know the amount of his damages until each month passed and the tenants failed to pay the rent, although the tenants had terminated the lease and vacated the premises; (3) he attempted to re-let the premises to mitigate his damages; (4) he was not required to file suit until he knew the amount of his damages, <u>but</u> <u>see</u> <u>Wood v. Greaves</u>, 152 N.H. 228, 233 (2005) (stating discovery rule not intended to toll statute of limitations until full extent of plaintiff's contract injury is known); and (5) the trial court ruled on the merits of his claim instead of solely upon whether the statute of limitations barred his suit.

Based upon our review of the record, we conclude that the trial court sustainably found that the landlord had exercised his option to declare the whole sum of the rent due upon the tenants' vacating the premises. <u>Cf</u>. <u>Slania Enterprises, Inc. v. Appledore Med. Grp., Inc.</u>, 170 N.H. ___, ___, 186 A.3d 222, 225 (2018). As the appealing party, the landlord has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the landlord's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the landlord has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
