# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0245, TRW Bookkeeping & Tax Services, LLC v. Charbel Hayek, the court on January 31, 2020, issued the following order:**

Having considered the brief, the memoranda of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm in part, vacate in part, and remand.

The defendant, Charbel Hayek, appeals a small claim judgment issued by the Circuit Court (DeVries, J.) in favor of the plaintiff, TRW Bookkeeping & Tax Services, LLC. He contends that the trial court erred by: (1) finding that he reaffirmed his debt to the plaintiff within the statute of limitations; and (2) calculating the plaintiff's damages.

When reviewing a trial court's decision rendered after a hearing on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. O'Malley v. Little, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id. We review the trial court's application of the law to the facts de novo. Id.

In this case, the record reflects that the plaintiff prepared tax returns for the defendant for tax years 2003 to 2016 and for a limited liability company (LLC) belonging to him for tax years 2006 to 2014. The trial court found, and the record supports, that "Defendant agreed and acknowledged to Plaintiff that payment for services was owed and agreed with Plaintiff . . . that payment would be made when [Defendant's] business was more stable and profitable." When the defendant severed his relationship with the plaintiff in 2017, the plaintiff sought payment for its services. The defendant asserted that any claims arising prior to 2015 were barred by the statute of limitations. See RSA 508:4, I (2010). The trial court found, however, that the defendant reaffirmed his obligation to the plaintiff in 2017, and, thus, that the statute of limitations did not bar the earlier claims.

We first address whether the trial court erred in finding that the statute of limitations was tolled by the defendant's reaffirmation of the debt. RSA 508:4, I, requires personal actions be brought "within 3 years of the act or omission

complained of." The limitations period may be tolled, however, by a party's acknowledgement of a subsisting debt accompanied by a direct and unqualified admission that the party is liable and willing to pay. A & B Lumber Co. v. Vrusho, 151 N.H. 754, 756 (2005). To toll the limitations period, an acknowledgment of debt must be more than a recognition of debt; it must be an admission of liability for an unpaid debt that the party is then willing to pay. Id. The admission must be direct and unqualified. Id. "The debtor's understanding regarding the meaning of an agreement purported to be a reaffirmation is a question of fact." Soper v. Purdy, 144 N.H. 268, 272 (1999) (stating reaffirmation could be inferred from agreement that debt would continue to accrue interest).

In this case, the defendant testified that, when the plaintiff told him, at the end of 2017, that he owed the plaintiff money, he responded, "[N]o problem, I'll pay you the money. Just give me the invoices." The plaintiff supplied invoices, which the defendant testified he considered insufficiently detailed. The defendant contends that he did not make "a direct and unqualified statement that he recognized the debt and that he was willing to pay it" because he and the plaintiff did not reach an agreement on the amount of the debt. However, we do not require such express terms. See id. at 271 (stating that fixing amount of debt is not necessary for reaffirmation).

The defendant contends that he agreed to pay if he owed anything, but "never agreed that he actually owed anything." (Emphasis in original.) He likens his situation to that in Premier Capital v. Gallagher, 144 N.H. 284, 287-88 (1999), in which a guarantor's inquiry regarding the balance of the debt, on which he made no payments as guarantor, and his listing of the debt on his personal financial statement did not constitute reaffirmation of the debt because he did not indicate his willingness to pay it. However, here the defendant testified that he agreed to pay his debt to the plaintiff upon receipt of the invoices. On appeal, the defendant does not challenge the accuracy of the amounts shown on those invoices. The defendant also compares his statement to that in Ventris v. Shaw, 14 N.H. 422, 426 (1843), in which the debtor was found not to have reaffirmed his debt by saying that "he was willing to pay his honest debts always" because he did not identify the contested debt as an "honest debt." However, here the defendant testified that he told the plaintiff that he would pay his debt to the plaintiff.

The defendant argues that his 2017 promise to pay the plaintiff was not direct and unqualified because he "regularly qualified his willingness to pay with a demand for the 2014 tax returns" from another LLC in which he no longer held an interest. Although the plaintiff testified that the defendant promised to pay the plaintiff "until one day he tied it to" receiving that LLC's 2014 tax return, the defendant did not testify that his promise to pay the plaintiff was contingent upon receiving that document. The trial court was entitled to rely upon the defendant's testimony. See O'Malley, 170 N.H. at 275.

2

Upon this record, we conclude that the trial court's finding that the defendant reaffirmed his debt to the plaintiff in 2017 is supported by the evidence and not legally erroneous.  See id.  Thus, we affirm the trial court's order regarding the defendant's liability for his debt to the plaintiff.

We next address the issue of damages.  The parties agree that the trial court miscalculated the plaintiff's damages and further agree that, based upon the invoices submitted at the hearing, those damages should be $8,450.00, not $8,900.00 as the trial court found.  Accordingly, we vacate the award of damages, and direct the trial court upon remand to enter judgment for the plaintiff in the amount of $8,450.00 plus any recoverable filing fees and costs.

Affirmed in part; vacated in part; and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**